```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| KEITH MELVILLE,<br><br>                      Plaintiff,<br><br>         -against-<br><br>COMMISSIONER JACQUES JIHA; STREET CLEANING DIVISION; RED LIGHT CAMERA DIVISION; TRAFFIC ENFORCEMENT FROM TOW TRUCK; BOOTHING DIVISION,<br><br>                      Defendants. | 19-CV-11903 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a New Jersey resident, appearing *pro se*, brings this action under the Court's diversity jurisdiction. By order dated January 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

In this complaint, filed against the Commissioner of the New York City Department of Finance, the "Street Cleaning Division," the "Red Light Camera Division," the "Traffic Enforcement from Tow Truck," and the "Boothing [sic] Division." Plaintiff asserts as follows:

> Red lights, street cleaning tickets loading zone tickets should be classified as munimeter ticket the judgment is being upheld. Ticket issued snow day as broadcast by 10:10 suspended. Red light ticket on Junction Blvd & Northern Blvd. given on 135 St. Madison Avenue Man. N.Y. on Far Rockaway. No record of mail sent to address on [illegible]. Eventually I was boothed [sic] on Williamsbridge Rd. at 2 a.m. Pelham Pkw. North Bronx [illegible] 3rd Ave putting me on payment plan of 1,300 with a downpayment of. I had court date at 161 St. for 511 I waited until the sweeping truck came by without the sanitation car went I came back there was a ticket on my car.

(ECF No. 2 at ¶ III.)

Plaintiff seeks "relief for impounding and towing" in the amount of $30,000.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). The facts alleged do not give rise to any claims arising under federal law.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28

U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Because Plaintiff does not allege that his claim satisfies the jurisdictional amount, this Court lacks diversity jurisdiction over his claims.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY AND WARNING

Plaintiff filed four cases in this Court against the former New York State Commissioner of Motor Vehicles that were dismissed as frivolous and for failure to state a claim. *See Melville v. Fiala*, ECF 1:18-CV-5174, 4 (S.D.N.Y. July 11, 2018) (listing cases). Plaintiff has been warned that he could face a filing injunction if he persisted in pursuing frivolous litigation in this Court, and on December 23, 2019, the Court ordered Plaintiff to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP without prior permission. *See Melville v. Fiala*, ECF 1:19-CV-10919, 6 (S.D.N.Y. Dec. 23, 2019). Plaintiff filed this complaint on December 26, 2019.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 17, 2020
        New York, New York

                                                COLLEEN McMAHON
                                             Chief United States District Judge